Filed 6/12/26  P. v. Connolly CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RANDALL CONNOLLY,<br><br>    Defendant and Appellant. | D086380<br><br>(Super. Ct. No. SCD305932) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

On December 18, 2024, San Diego Police Officers Tyler Bajer and Adrian Rodriguez  observed Randall Connolly as he was in the process of selling fentanyl to a purchaser in an area of downtown San Diego notorious for drug sales.  After the arrest, officers found in Connolly's possession two cell phones, currency in various denominations, and seven small foil bindles that were determined to contain usable quantities of fentanyl powder.

Connolly was charged with possession for sale of a controlled substance, in violation of Health and Safety Code section 11351, together with an alleged strike prior for a 2020 burglary.  At trial, Detective Richard

Page testified as an expert that Connolly's conduct as observed by the officers, together with the totality of other circumstances, was consistent with an interrupted hand-to-hand narcotics sale. Connolly testified that although he had fentanyl in his possession, it was intended for personal use and not for sale. The jury returned a guilty verdict. Connolly admitted to the strike prior.

At sentencing, the court denied Connolly's *Romero* motion. The court found that Connolly had established psychological trauma as contemplated by Penal Code section 1170, subdivision (b)(6) and sentenced Connolly to the low term of two years, doubled for the strike, for a total of four years in prison. Connolly timely appealed.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Tunyan the opportunity to file his own brief on appeal, but he has not responded.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified one possible issue that was considered in evaluating the potential merits of this appeal, namely whether a detective was properly permitted to opine that appellant possessed a usable quantity of fentanyl for sale.

We have independently reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Connolly on this appeal.

2

## DISPOSITION

The judgment is affirmed.


                                                                KELETY, J.


WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.


3